{¶ 47} Although I concur with the court's judgment, I write separately to address the issue of interrogatories and verdict forms. It is unfortunate for all parties involved in this case that it derailed in the eleventh hour.
 {¶ 48} In a case of this complexity with more than one defendant and only one verdict form for both defendants it is impossible to tell how or whether the jury applied the law. The jury may have applied it in a wholly wrong way, an entirely correct way or failed to apply it at all. No analysis of the verdict can be made which will throw any light on the on the subject, absent interrogatories and/or separate verdict forms.
 {¶ 49} Properly worded interrogatories, calling for simple yes or no responses would compel the jurors to consider and resolve detailed facts including the issue of the nurse practitioner's liability under a theory of respondeat superior, as well as the separate alleged negligence of the physician.
 {¶ 50} Interrogatories submitted by appellee although properly objected to by appellant, might easily have been modified to elicit non-narrative responses, thus potentially eliminating the necessity of a second trial in this matter. It is worthy of note that appellant did not propose any interrogatories or verdict forms for the trial court's consideration before closing argument and appellee submitted only interrogatories with no accompanying verdict forms.
 {¶ 51} However, the trial court had the ultimate duty to provide clear instructions including properly worded interrogatories and verdict forms. This task is best accomplished when a jury charging conference is conducted after research and due consideration of written and filed proposals from each party. The error in failing to provide the jury with sufficient verdict forms to cover the different verdicts possible under the evidence produced at trial was avoidable with greater attention to this critical phase. I recognize that as a trial of this magnitude concludes, the litigants, counsel and the judge are exhausted perhaps physically as well as mentally. However, this does not obviate the necessity to insure that the verdict forms are adequate.
 {¶ 52} It might be wise to include in a standardized pre-trial order and also emphasize at a final pre-trial conference, that proposed instructions, including interrogatories and verdict forms, shall be submitted on disc as well as in writing by a certain date and time sufficient to allow careful consideration and discussion prior to a scheduled jury charging conference. Although last minute changes, corrections and deletions are inevitable, such a process might very well prevent future reversals as a result of a single eleventh hour decision.